UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TINA LYNNE WAGONER,

                Plaintiff,

-against-

NYS DOCCS A. ANNUCCI; BHCF
SUPERINTENDENT RUSSELL,

                Defendants.

22-CV-2126 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Tina Lynne Wagoner, currently incarcerated at Bedford Hills Correctional Facility, filed this *pro se* complaint without paying the fees. Although Plaintiff failed to seek waiver of the fees by submitting an application for leave to proceed *in forma pauperis* (IFP) and a prisoner authorization, the Court construes Plaintiff's complaint as seeking IFP status.

      Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See Wagoner v. Miller*, ECF 1:18-CV-7937, 7 (LLS) (S.D.N.Y. Nov. 5, 2018), 18-3688 (2d Cir. Aug. 2, 2019) (dismissing appeal as "lacking an arguable basis either in law or in fact.") That order relied on the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

      Although Plaintiff has filed this new action seeking IFP status, her complaint does not allege that she is in imminent danger of serious physical injury.[1] Instead, Plaintiff filed this

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a

complaint on behalf of herself and "other inmate students" participating in the Mary Mount Manhattan College Program, and asks Defendants to "consider implementing college-holds on inmates" so that their class participation is not interrupted. (ECF 1.) Because Plaintiff does not allege that she is in imminent danger of serious physical injury, she is barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule.[2] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future action IFP while in custody, unless she is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the relevant fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

3

      The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   March 16, 2022
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge